1

2

3

4

5

6

7             UNITED STATES DISTRICT COURT

8                EASTERN DISTRICT OF CALIFORNIA

9

10   LARRY BANKS,                    )   1:08-cv-00512-TAG HC
                                     )
11                   Petitioner,     )   ORDER GRANTING RESPONDENT'S
                                     )   MOTION TO DISMISS PETITION  FOR
12        v.                         )   WRIT OF HABEAS CORPUS  (Doc. 10)
                                     )
13   HARTLEY, Warden,                )   ORDER DISMISSING PETITION (Doc.1)
                                     )
14                   Respondent.     )   ORDER DIRECTING CLERK OF COURT
     _____)   TO ENTER JUDGMENT

15

16                  **PROCEDURAL HISTORY**

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

19   April 14, 2008.  (Doc. 1).  In that petition, Petitioner, relying on the United States Supreme Court

20   decisions in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000), Blakely v.

21   Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and Cunningham v. California, 549 U.S. 270,

22   127 S. Ct. 856 (2007), contends that the sentencing court violated his Sixth and Fourteenth

23   Amendment rights by sentencing him to the upper term under California's Determinate Sentencing

24   Law when the facts supporting an upper term sentence had not been found by a jury beyond a

25   reasonable doubt.  (Doc. 1, pp. 6-8).

26        On June 26, 2008, the Court ordered Respondent to file a response.  (Doc. 5).  On August 25,

27   2008, Respondent filed the instant motion to dismiss, contending that the petition violated the one-

28   year limitation period set forth in 28 U.S.C. § 2244(d).  (Doc. 10)  On September 18, 2008, both

                                    1

1   parties having consented, the case was re-assigned to the United States Magistrate Judge for all

2   purposes.  (Doc. 13).  Petitioner has not filed a response to the motion to dismiss.

3                                              **DISCUSSION**

4          A.  Procedural Grounds for Motion to Dismiss

5           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

6   petition if it "plainly appears from the face of the petition and any attached exhibits that the

7   petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section

8   2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

9   answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation

10  of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

11  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v.

12  Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review motion

13  to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal.

14  1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and

15  the court should use Rule 4 standards to review the motion.

16         As mentioned, Respondent has filed a motion to dismiss the petition as being filed outside

17  the one- year limitation period prescribed by Title 28 U.S.C. § 2244(d)(1).  Because Respondent's

18  motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies

19  or for state procedural default and Respondent has not yet filed a formal answer, the Court will

20  review Respondent's motion pursuant to its authority under Rule 4.

21         B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

22         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

23  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

24  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059

25  (1997).  The instant petition was filed on April 14, 2008, and thus, it is subject to the provisions of

26  the AEDPA.

27  ///

28  ///

1     The AEDPA imposes a one- year period of limitation on petitioners seeking to file a federal

2  petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

3  reads:

4         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
      corpus by a person in custody pursuant to the judgment of a State court.  The
5     limitation period shall run from the latest of –

6             (A) the date on which the judgment became final by the conclusion of direct
      review or the expiration of the time for seeking such review;
7
             (B) the date on which the impediment to filing an application created by
8     State action in violation of the Constitution or laws of the United States is removed, if
      the applicant was prevented from filing by such State action;
9
             (C) the date on which the constitutional right asserted was initially recognized by
10    the Supreme Court, if the right has been newly recognized by the Supreme Court and made
      retroactively applicable to cases on collateral review; or
11
             (D) the date on which the factual predicate of the claim or claims presented
12    could have been discovered through the exercise of due diligence.

13        (2) The time during which a properly filed application for State post-conviction or
      other collateral review with respect to the pertinent judgment or claim is pending shall
14    not be counted toward any period of limitation under this subsection.

15  28 U.S.C. § 2244(d).

16     In most cases, the limitation period begins running on the date that the petitioner's direct

17  review became final.  Here, Petitioner was convicted on November 30, 1992, for one count of second

18  degree robbery while armed and of numerous status enhancements for prior convictions and prison

19  terms, and sentenced to a term of 39 years and four months.  (Docs. 11 & 12, Lodged Documents

20  ("LD") 1).  Petitioner did not file a notice of appeal from his conviction and sentence. California

21  state law governs the period within which prisoners have to file an appeal and, in turn, that law

22  governs the date of finality of convictions.  See e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th

23  Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction

24  becomes final sixty days after the superior court proceedings have concluded, citing prior Rule of

25  Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant

26  convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment.

27  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court,

28  Rule 31(d)).  Because Petitioner did not file a notice of appeal from his November 30, 1992

1  sentencing, his direct review concluded on January 29, 1993, when the sixty-day period for filing a

2  notice of appeal expired.  In other words, Petitioner's direct review concluded over three years prior

3  to the effective date of the AEDPA.

4       The AEDPA is silent on how the one-year limitation period affects cases where direct review

5  concluded *before* the enactment of the AEDPA.  The Ninth Circuit, however, has held that if a

6  petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition

7  within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to

8  § 2244(d)(1).  <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283,1286-1287 (9th Cir.

9  1997)(rejecting retroactive application of AEDPA's one-year statute of limitations), <u>overruled in part

10 on other grounds by</u> <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F. 3d 530 (9th Cir. 1998).

11 In  such circumstances, the limitation period would begin to run on April 25, 1996, and would

12 conclude on one year later.  <u>Patterson v. Stewart</u>, 251 F. 3d 1243, 1246 (9th Cir. 2001).

13      As mentioned, the instant petition was not filed until April 14, 2008, approximately eleven

14 years *after* the one-year period would have expired.  Thus, unless Petitioner is entitled to either

15 statutory or equitable tolling for that period of time, the petition is untimely and must be dismissed.

16      C.  <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

17      Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

18 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

19 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

20 governing filings, including the form of the application and time limitations.  <u>Artuz v. Bennett</u>, 531

21 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

22 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

23 delay in the intervals between a lower court decision and the filing of a petition in a higher court.

24 <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations

25 omitted); <u>see</u> <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); <u>see</u> <u>Carey v. Saffold</u>,

26 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); <u>see</u> <u>also</u>, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006

27 (9th Cir. 1999).

28 *///*

1    There are circumstances and periods of time when no statutory tolling is allowed.  For

2  example, no statutory tolling is allowed for the period of time between finality of an appeal and the

3  filing of an application for post-conviction or other collateral review in state court, because no state

4  court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.  Similarly, no

5  statutory tolling is allowed for the period between finality of an appeal and the filing of a federal

6  petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal

7  habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see

8  also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).

9  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run

10  prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

11  ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

12  state petition was filed.");  Jiminez v. Rice, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

13  is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

14  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

15    Here, the documents filed by Respondent and Petitioner's own allegations indicate that

16  Petitioner filed the following state petitions: (1) filed in the California Court of Appeal, Fifth

17  Appellate District ("5th DCA") on September 23, 2006, and denied on November 2, 2006 (LD 2, 3);

18  (2) filed in the Fresno County Superior Court on February 17, 2007, and denied on March 5, 2007

19  (LD 4, 5); and (3) filed in the California Supreme Court on March 21, 2007, and denied on August 8,

20  2007 (LD 6, 7).

21    Respondent argues that because the statute of limitations expired on April 25, 1997, none of

22  Petitioner's state petitions filed after that date are entitled to statutory tolling.  (Doc. 10, pp. 3-4).

23  Respondent is correct.

24    A petitioner is not entitled to tolling where the limitation period has already run prior to filing

25  a state habeas petition.  Ferguson, 321 F.3d at 823; Green v. White, 223 F.3d 1001, 1003 (9th Cir.

26  2000); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims

27  raised in state habeas corpus filed after expiration of the one-year limitation period); Webster v.

28  Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).  Here, the limitation period expired on April 25,

1  1997. The first state petition was not filed until September 23, 2006, almost ten years after the

2  limitation period had expired.  Accordingly, none of Petitioner's three state petitions are entitled to

3  statutory tolling under the AEDPA.

4        Petitioner did not file an opposition to Respondent's motion to dismiss.  However, it is

5  certainly conceivable that he believes that 28 U.S.C. § 2244(d)(1)(D) applies, i.e., the date on which

6  the factual predicate of the claim or claims presented could have been discovered through the

7  exercise of due diligence, rather than section (d)(1)(A), the date on which direct review concluded.

8  Petitioner undoubtedly would base such a position on the fact that the claim in the instant petition

9  partially relies upon <u>Cunningham v. California</u>, 549 U.S. 270, which found California's determinate

10  sentencing law unconstitutional because it permitted trial court's to sentence defendants to the upper

11  term based on facts that had not been proven to a jury beyond a reasonable doubt.  That decision was

12  not issued until 2007.  If the one-year limitation period ran from that date, Petitioner's federal

13  petition would at least arguably be timely, However, it is clear that § (d)(1)(D) does not apply here

14  and that the applicable subsection is § (d)(1)(A).

15        To adopt a reading of § 2244(d)(1)(D) favorable to Petitioner would be to interpret that

16  subsection to mean that the one-year limitation period begins when a prisoner actually understands

17  what legal theories are available to him.  This interpretation would be incorrect.  According to the

18  wording of the statute, the one year time limit commences on the date the "factual predicate of the

19  claim or claims presented could have been discovered through the exercise of due diligence," not

20  when it was actually discovered by the petitioner.  In addition, the trigger in § 2244(d)(1)(D) is the

21  discovery, actual or imputed, of the claim's "factual predicate," *not* the recognition of the facts' legal

22  significance.  Stated differently, the time begins when the prisoner knows, or through diligence could

23  discover, the salient facts, not when he recognizes the legal significance of those facts.

24        In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the

25  upper level sentence imposed on him as of the Superior Court's sentencing on November 30, 1992

26  was based in part upon facts not found beyond a reasonable doubt by a jury.  Thus, the United States

27  Supreme Court's decision in <u>Cunningham</u> some fifteen years after Petitioner was sentenced did not

28  provide Petitioner with the "factual predicate" for his claim of an unconstitutional sentence.

1   Cunningham merely provided additional context for the legal significance of those facts.  As such,

2   the one-year limitation period commenced from the "normal" date when direct review is final prior

3   to the enactment of the AEDPA, i.e., April 25, 1996, not the date Cunningham was decided.[1]

4        Thus, the instant petition was filed on April 14, 2008, almost eleven years *after* the limitation

5   period had expired.  Unless Petitioner is entitled to equitable tolling, the petition is untimely and

6   must be dismissed.

7        D.  Equitable Tolling

8        The limitation period is subject to equitable tolling when "extraordinary circumstances

9   beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,

10  410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

11  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

12  claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

13  1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

14  establishing two elements: )1) that he has been pursuing his rights diligently, and (2) that some

15  extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

16  1807 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

17  the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

18  and quotation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles,

19  _____

20  [1]Even were this not true and Petitioner could avoid the fatal statute of limitations problem in this case, Petitioner
    could not avail himself of the decision in Cunningham.  In Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit

21  clarified that the Cunningham decision, by holding that the decision was compelled by the Supreme Court's prior decision
    in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2431 (2004), such that the decision as to whether a petitioner's

22  constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before
    Blakely, *not* Cunningham, was decided.  Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit

23  panel stated as follows:

24        Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the
          maximum possible term based on facts not found by a jury violate the constitutional rights of defendants.

25        [Cunningham, supra,] at 306.  No principles of comity or federalism would be served by refusing to apply this rule
          to functionally indistinguishable state sentencing schemes on collateral review.  Cunningham thus *did not announce*

26        *a new rule of constitutional law and may be applied retroactively on collateral review*.

27  Butler, supra, at 639.  (Emphasis supplied).  Blakely is therefore the case on which Petitioner's case depends because Blakely
    is not retroactively applied.  Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  In other words, Cunningham cannot

28  be applied retroactively for cases which were final prior to Blakely.  Petitioner's conviction became final on January 29, 1993.
    Blakely was not decided until June 24, 2004.  Thus, even if Petitioner could avoid the statute of limitations problem that is
    fatal to his petition, Cunningham would not, under Teague, apply retroactively to his sentence in any event.

1   187 F. 3d at 1107.

2       Petitioner makes no claim of entitlement to equitable tolling and, indeed, the Court is aware

3   of nothing in the present record that would support such an entitlement.  As there exists no

4   circumstances sufficient to justify equitably tolling the limitation period, the petition is untimely by

5   almost eleven years and must therefore be dismissed.

6                                               **ORDER**

7       Accordingly, the Court HEREBY ORDERS as follows:

8   1.  Respondent's motion to dismiss, (Doc. 10), is GRANTED;

9   2.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED for Petitioner's failure to

10      comply with 28 U.S.C. § 2244(d)'s one-year limitation period; and

11  3.  The Clerk of the Court is DIRECTED to enter judgment against Petitioner and close the

12      file.

13

14  IT IS SO ORDERED.

15  Dated:  **February 24, 2009**                              **/s/ Theresa A. Goldner**

16                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                                8